989 F.2d 498
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stefan CINA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-3474.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1993.
 
 Before: KEITH and BOGGS, Circuit Judges, and GIBBONS, District Judge.*
 PER CURIAM:
 
 
 1
 Petitioner, Stefan Cina, appeals the decision of the Board of Immigration Appeals which affirmed the order of the immigration judge ordering his deportation, pursuant to Section 241(a)(4) of the Immigration and Nationality Act. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 Stefan Cina was born in Czechoslovakia in 1967. In 1969, he came with his family to the United States and was admitted as a refugee. Cina's status was later adjusted to that of lawful permanent resident.
 
 
 3
 On December 5, 1990, Cina was served with an Order to Show Cause, charging him with deportability under Section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4) ("The Act"). The Order to Show Cause stated that Cina was an alien, who at a time after entry into this country, was convicted of two crimes involving moral turpitude, namely receiving stolen property and aggravated robbery.
 
 
 4
 On July 11, 1991, a deportation hearing took place at which Cina admitted the truthfulness of the factual allegations in the Order to Show Cause, and conceded that he was deportable as charged. Cina submitted an application for a waiver of inadmissibility under Section 212(c) of the Act, asking the immigration judge to use his discretion to allow Cina to stay in the United States.
 
 
 5
 At the deportation hearing, Cina testified that his involvement with criminal activity began when he was very young. He started using drugs at age 13, and subsequently left school. At 16, Cina was sent to a private school where he fathered a son, who is now under legal guardianship of the child's maternal grandmother. According to Cina, he was arrested often as a juvenile for stealing and drug-related offenses.
 
 
 6
 In the fall of 1988, Cina pled guilty to receipt of stolen property. He was placed on two years probation, but violated its terms by failing to report to his probation officer. Cina stated that during this time he was using cocaine, which led to his participation in four aggravated robberies. In addition, he was convicted of domestic violence in a dispute with the mother of his child. Cina contended that his criminal involvement stemmed largely from family problems, specifically his parents' divorce and his father's alcoholism.
 
 
 7
 Although the immigration judge did not find that a favorable exercise of discretion was warranted, he did note that Cina presented certain equities in his favor. All of Cina's immediate family is in the United States, and he has little or no contact with his more distant relatives in Czechoslovakia. In prison, Cina successfully participated in substance abuse and family development programs. In addition, his reading and writing skills improved significantly. The immigration judge also found that Cina had accepted responsibility for his actions, and that there was a possibility of rehabilitation in the future.
 
 
 8
 After the hearing the immigration judge denied the waiver application and ordered that Cina be deported to Czechoslovakia on the charge contained in the Order to Show Cause. Cina appealed to the Board of Immigration Appeals, (the "BIA"), which affirmed the decision of the immigration judge. This appeal followed.
 
 II.
 
 9
 This Court's scope of review is limited to considering whether the BIA's denial of a discretionary waiver was arbitrary, capricious or an abuse of discretion. Akinyemi v. INS, 969 F.2d 285, 288 (7th Cir.1992); Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). Cina does not point to any statements within the BIA's opinion which would make the BIA's denial arbitrary, capricious or an abuse of its discretion. Instead, Cina claims that the evidence of his rehabilitation should have been given more weight.
 
 
 10
 Cina is simply arguing that the BIA should weigh the factors presented differently. This Court, however, does not have the authority to determine the weight to afford each factor. Cordoba-Chaves v. INS, 946 F.2d 1244, 1246 (7th Cir.1991). A denial of a discretionary waiver "will be upheld unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis...." Williams v. INS, 773 F.2d 8, 9 (1st Cir.1985) (citation ommited). Cina has not argued that any of the above violations took place.
 
 
 11
 Furthermore, a careful review of the record reveals that the immigration judge's detailed opinion carefully listed and discussed the various factors that must be considered in such cases. We find that the immigration judge's decision was supported by a rational explanation and was therefore not capricious.
 
 III.
 
 12
 For the foregoing reasons, we AFFIRM the decision of the Board of Immigration Appeals.
 
 
 
 *
 The Honorable Julia S. Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation